## GLOVER, ET UX. v. DULANY, ASSIGNEE

[No. 371, September Term, 1966.]

*Decided June 6, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Robert J. Martineau,* with whom were *D. Eugene Walsh* and
*Walsh, Fisher & Martineau* on the brief, for appellants.

*William B. Dulany,* with whom were *James Willard Davis*
and *Dulany & Davis* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

Appellants, Herschel M. Glover, et ux., were the purchasers
at a foreclosure sale held November 14, 1963, of a partially com-

pleted, precut-packaged dwelling, situated on 17,900 square feet of land, near Westminster, Carroll County, Maryland, at and for a price of $12,000, in fee simple.

Prior to the foreclosure sale Edwin S. Stater, et ux., mortgagors, had filed a petition on October 23, 1963, to enjoin the sale on the ground that the mortgage was invalid on its face. The suit reached the Court of Appeals, where this Court affirmed the lower court's dismissal of the petition and the mandate affirming, and remanding the cause for further proceedings was issued November 24, 1964. (*Stater v. Dulany, Assignee,* 236 Md. 399, 204 A. 2d 71 (1964).)

In the interim, exceptions to the ratification of the sale were filed on December 19, 1963, by the mortgagors and the appellee filed his motion to dismiss the same on January 6, 1964.

Almost thirteen months later, on January 25, 1965, the appellants joined with the mortgagors in a pleading entitled "Motion to dismiss exceptions to ratification of sale and petition for allowance of claims and abatement of interest" wherein, among other things, they requested hearings on the claims of the mortgagors and the claims of apppellants for abatement of interest prior to the ratification of sale. A hearing on this motion and petition was held over ten months later on December 7, 1965 at which time the appellants, for the first time made a motion to withdraw their bid. It was also at this hearing on December 7, 1965 that the testimony of Norman Naill, a builder, was taken concerning the cost of completion of the dwelling. Subsequently, on December 17, 1965, some twenty-five months after the sale, the appellants filed their motion to rescind the sale, withdraw their bid and requested the return of their deposit.

The appellants during this entire period of time resided approximately a quarter of a mile from the subject property and are related to the defaulting mortgagors. The appellant Herschel M. Glover, a carpenter, had worked on the dwelling both prior to and after the foreclosure sale. The mortgagors have resided in the dwelling since July 1963 without paying taxes or making any payments on the mortgage.

Testimony of Norman E. Naill, taken at the December 7, 1965 hearing on the motion to dismiss exceptions to ratification and petition for allowance of claims and abatement of interest,

was to the effect that it would require $8,765.45 to complete the dwelling. The dwelling was a precut-packaged home, and it was contemplated that the original builder would construct the outside of the dwelling (shell) and that the Staters would at their own expense complete the inside. The appellant Herschel Glover testified that when he bid at the foreclosure sale on November 14, 1963, he estimated that it would require about $2000 additional to complete the dwelling and that at the time of the hearing on the motion to rescind the sale on April 27, 1966, he estimated that it would require $2300 to complete it. The appellants' attorney contended that Mr. Glover meant that it would cost $2300 additional to overcome the deterioration plus $2000 to complete the home; however, the lower court interpreted Mr. Glover's testimony as meaning $2300 to complete it, allowing for the deterioration that had occurred up to the date of the hearing on April 27, 1966.

The appellants predicated their request for relief on the premises that equity should not compel the completion of a transaction where (1) ratification of a judicial sale has been delayed thirty months, and (2) the property has deteriorated substantially since the date of the sale.

The appellants in an effort to uphold their contentions cite general language found in Annot., 63 A.L.R. 974 (1929) ; 30A Am. Jur. *Judicial Sales* § 126 (1958) and 50 C.J.S. *Judicial Sales* § 48a (1947) all of which may be summarized in the last quoted reference at p. 664 :

> *"Delay in completing sale.* It has been held that where, without the fault of the purchaser, a completion of the sale has been unreasonably delayed he should not be thereafter compelled to comply with his bid, even though the purchaser has not been damaged by the delay. * * *."

There is no Maryland case in point and it would strain any reasonable construction attributable to the general rules of equitable relief spelled out in *Carozza v. Peacock Land Corp.,* 231 Md. 112, 188 A. 2d 917 (1963), cited by the appellants, to bring such a broad statement of the law within the ambit of that decision.

However, the important thing to be remembered is that, as the lower court found, the appellants by their own actions contributed to, or at least acquiesced in part to, the delay here encountered. As was pointed out by Chief Judge Macgill in his memorandum opinion, the appellants on January 25, 1965, joined with the mortgagors in a petition which had as its purpose the dismissing of exceptions to ratification; however, coupled with it was the request that the lower court determine, before ratification of the sale, which claims should properly be allowed and the amount of interest that should be abated. A hearing was not conducted on these matters for a period of almost eleven months and it was at the hearing considering these matters held on December 7, 1965, that the appellants moved to withdraw their bid. It is not casting too onerous a burden on the appellants to expect, had there been a degree of urgency in this matter, that they would have requested an early hearing on the matter of claims and abatement of interest. As the lower court pointed out, the sale could have been ratified when the motion to dismiss the exceptions to the ratification was made on January 25, 1965, and the question of allowance of claims and abatement of interest could have been determined later by exceptions to the auditor's report.

Had the appellants proved that substantial damages occurred to them as a result of the delay the result here might be different, despite the fact that they were not as diligent of their own rights as they should have been. The appellants as purchasers were seeking relief on the basis that the property had deteriorated during the course of the delay. The burden of proof was on them. They did not meet this burden.

Mr. Naill, the builder, in his testimony did not testify as to the amount of damage caused by deterioration. His testimony concerned only his estimate to complete the house which he had first seen several days before the hearing of December 7, 1965. No one knows what his testimony might have been as to the cost of completing the dwelling had he seen it on the date of the sale, November 14, 1963; as to that we can only conjecture.

The appellant Herschel Glover had an opportunity to express his views on the deterioration of the property and his

testimony leaves much to be desired. The Chancellor interpreted his estimate to complete the house to be $2300 as of the date of the hearing on April 27, 1966, and when he bid at the sale thirty months before he had estimated the cost of completion to be $2000; hardly a substantial difference.

Counsel for the appellants, in his argument, made a valiant effort to convince this Court that the lower court misinterpreted Glover's testimony and the figures Glover mentioned were intended to be cumulative, that is $2000 to complete the dwelling as of its condition on the date of sale and an additional $2300 due to deterioration as it appeared of the date of the hearing on the motion to rescind the sale. A reading and re-reading of Mr. Glover's testimony fails to convey such a meaning, giving full consideration to the clear and natural import of his words.

This Court is of the opinion that there is evidence that the appellants, either wittingly or unwittingly, acquiesced in the delay of which they complain and that there is no evidence of substantial damage sustained by them.

Accordingly, we do not think the lower court erred in finding that the appellants failed to make out a clear case of relief. Rule 886 a.

*Order affirmed, with costs.*